John I. Munro, Respondent, *v.* The State of New York, Appellant.

Third Department, December 28, 1917.

Constitutional law — constitutionality of chapter 658 of the Laws of 1915 authorizing Court of Claims to hear and determine claim of State employee for which the State would not otherwise be liable.

Chapter 658 of the Laws of 1915, authorizing the Court of Claims to hear, audit and determine the claim of an electrician employed by the State at a State hospital for the insane, for injuries alleged to have been sustained by him in the course of his employment by reason of an assault committed by an insane patient, and further providing that, if the court found the injuries were so sustained, the damages should constitute a legal and valid claim against the State, is constitutional, even though no legal liability otherwise existed.

Said act does not audit or allow the claim so as to violate section 19 of article 3 of the Constitution, or give or loan money or credit of the State " to or in aid of any association, corporation or private undertaking " in violation of section 9 of article 8 of the Constitution, nor does it appropriate public moneys for local or private purposes, within the meaning of section 20 of article 3 of the Constitution.

Cochrane and Lyon, JJ., dissented, with opinion.

APPEAL by the defendant, the State of New York, from an order and determination of the Court of Claims, entered in the office of the clerk of said court on the 9th day of December, 1916, awarding to the claimant the sum of $21,284 for damages alleged to have been sustained by reason of an assault upon him by an inmate of the Kings Park State Hospital.

The opinion of the Court of Claims is reported in *Munro* v. *State of New York* (10 State Dept. Rep. 157).

*Merton E. Lewis, Attorney-General [Edmund H. Lewis, Deputy Attorney-General,* of counsel], for the appellant.

*Baylis & Sanborn [Willard N. Baylis* and *George P. Sanborn* of counsel], for the respondent.

WOODWARD, J.:

The claimant, John I. Munro, was employed by the State of New York as an electrician in and about the Kings Park State Hospital for the Insane. On the 27th day of September, 1909, he was directed to make certain repairs to the electric wires in the highway near the hospital, and while so employed he was assaulted by one of the inmates of the hospital who, under the direction of keepers, was with others engaged in sodding a portion of the highway. The claimant was struck over the head with a spade and sustained serious injuries, and we will assume for the purposes of this appeal that the State of New York was negligent in the premises in such a manner as to entail legal liability if the employer had been a private individual. There seems to be no question as to the merits of this case, and, with the modern tendency to hold individuals and corporations to liabilities unknown to the common law, it would seem to follow that the State itself should be held to a like liability in so far as the laws will permit.

Actuated by this humane impulse, no doubt, the Legislature enacted chapter 658 of the Laws of 1915, effective by its terms on the nineteenth day of May, by which it was provided that " the Court of Claims is hereby authorized to hear, audit and determine the claim of John I. Munro against the State for injuries alleged to have been sustained by him while in the employ of the State in the electrical

department of the Kings Park State Hospital at Kings Park, and in the course of such employment, by reason of being struck by a patient in such hospital; and if the court finds that such injuries were so sustained, damages therefor shall constitute a legal and valid claim against the State, and the court shall award to and render judgment for the claimant for such sum as shall be just and equitable, notwithstanding the lapse of time since the accruing of damages, provided the claim herein is filed with the Court of Claims within one year after this act takes effect." The Court of Claims took jurisdiction of the case, under this statute, and has made an award of $21,284, and the State of New York appeals from that award, urging that the act of the Legislature violates various provisions of the Constitution of the State.

It is probably true, as suggested by the appellant, that the State, in conducting a public hospital, would not be liable to an action of negligence for an injury resulting from the conduct of an inmate of the hospital, but the Legislature, by its enactment, has provided that this claim shall, if found to be valid, constitute " a legal and valid claim against the State, and the court shall award to and render judgment for the claimant for such sum as shall be just and equitable," so that we are not concerned with the question of legal liability; the Legislature has provided for this, if the enactment is within constitutional limits. We are thus brought to the consideration of the broad question, " Is chapter 658 of the Laws of 1915 constitutional? "

It is first urged that this statute contravenes the provisions of section 19 of article 3 of the Constitution, which provides that " the Legislature shall neither audit nor allow any private claim or account against the State, but may appropriate money to pay such claims as shall have been audited and allowed according to law." It seems to us that the the act of 1915 does not audit or allow this claim; it merely provides that if the Court of Claims finds that " such injuries were so sustained, damages therefor shall constitute a legal and valid claim against the State, and the court shall award to and render judgment for the claimant for such sum as shall be just and equitable." It is true that this does not

apparently give the Court of Claims a wide discretion in the premises, but it does permit of a judicial investigation into the cause and effect of the injuries, and the amount to be justly awarded, and if there were no other difficulties in the case we are inclined to think that the Legislature would be within its powers in providing compensation to one injured in its employ without fault on his part. But we are commanded, in the construction of the Constitution, as of other instruments, to read and construe the whole instrument, and to give effect to each part, and as chapter 658 of the Laws of 1915 impliedly promises to appropriate the money necessary to the payment of this legal claim, as allowed by the Court of Claims, we reach the question whether the claim, as audited and allowed, is one allowed according to law, and upon this proposition there appears to be no question, provided the Legislature had the power to authorize the Court of Claims to act.

We are asked to hold that chapter 658 of the Laws of 1915 violates the provisions of section 9 of article 8 of the State Constitution, but we are wholly unable to discover that the credit or money of the State is being given or loaned " to or in aid of any association, corporation or private undertaking." The money is being paid to discharge a legal claim recognized by the Legislature, and if the Legislature has the right to provide for such a payment it certainly does not involve a gift by the State. The bill is, undoubtedly, a private bill, but it is not in aid of a private undertaking under any fair construction of the language of the constitutional provision.

We are equally persuaded that the statute does not contravene any of the provisions of section 20 of article 3 of the Constitution. This act does not purport to appropriate any moneys whatever; it merely authorizes the audit of a private claim against the State of New York, and when this is done the Legislature may appropriate the money necessary for the purpose. This stage has not yet been reached, and it may not be presumed that there will be any defect in the legislation which is to follow.

The Legislature has vested in the Court of Claims the

power to determine the just and equitable amount to be paid the claimant, and in the absence of some fact or circumstance tending to show an abuse of this discretion we are of the opinion it is not for this court to interfere.

. Even if the State was not legally liable for the injury to the claimant, there was such a moral obligation, or such a basis for saying that there was a moral obligation, that the Legislature might well provide that the State should bear the loss; it had the right to make the moral obligation which it found a legal one, and assume liability. This we think may be sustained on well-established principles.

The award of the Court of Claims should be affirmed.

All concurred, except COCHRANE, J., dissenting in opinion, in which LYON, J., concurred.

COCHRANE, J. (dissenting):

My criticism of the legislation in question is that it is obnoxious to the spirit and purpose of the constitutional prohibition against an audit or allowance of a private claim by the Legislature. If this claimant or any citizen of the State while in the employ of any person or corporation within the State had sustained the same injury under the same circumstances, before he could recover it would be necessary for him to prove not only the negligence of his employer but his own freedom from contributory negligence. These essential elements have been eliminated in this case. All that the Court of Claims is required to do is to determine that the injuries of the claimant were " sustained by him while in the employ of the State in the electrical department of the Kings Park State Hospital at Kings Park, and in the course of such employment, by reason of being struck by a patient in such hospital," and to assess the damages for such injuries. The essential elements of a cause of action for negligence have been withheld from the Court of Claims and non-essentials only submitted to that . court for determination. The hearing before that court is largely reduced to a formality. In reality a cause of action has been created in favor of this claimant which did not exist in favor of any other citizen at the time of the accident in question and which as to such citizen would be barred by the Statute of Limitations.

Undoubtedly the State may pay moral and equitable obligations, but the morality and equity of this claim cannot be asserted until it has first been determined that the State was negligent and that the claimant was free from negligence, and it seems to me that the Legislature in determining those questions has to that extent audited and allowed this claim, and has left nothing to the Court of Claims except a mere shell from which the substance has been extracted.

LYON, J., concurred.

Judgment of the Court of Claims affirmed, with costs.